May it please the court, my name is Erin Blundell, counsel for the United States. The government does not appeal sentences often or lately, but the message that the sentence in this case sends is that child abuse just isn't that big of a deal. The victim was not even three months old when the defendant broke his bones over and over. Ms. Blundell, you make a substantive unreasonable misargument, right? That's correct, Your Honor. Well, I thought our case law was pretty clear that we first took a look at procedural unreasonableness. That's correct, Your Honor. And does this mean the government says that this is procedurally reasonable? The government, that is the government's argument, Your Honor. The government is focused solely on a substantive reasonableness argument. But I don't know that you can do that because we have to determine whether this was procedurally unreasonable before we go to whether it's substantively unreasonable. At least that's the way I read our precedent. Yes, Your Honor. I'm aware of those cases, including the Carter decision, by Your Honor. So we have to do that first, no matter what the government's saying? Yes, Your Honor. And the government's argument is that this court can look at the totality of the record, the context, and the district court statements and determine why the district court did what it did. Moreover, Your Honor, the government's argument in this case is going to be that even if the district court— Okay. Can I just question you on we can look at the record and know why the district court did what it did? Yes, Your Honor. So there's no procedural problem. Who got the record together in this case? Usually the appellant does it and sends the thing to the appellee, and then they are supposed to consult. That's correct, Your Honor. Is that what happened? Yes, Your Honor. Okay. Well, you know in the Statement of Reasons— Yes, Your Honor. The Statement of Reasons is actually four pages. Yes, Your Honor. And there are only three pages in the Joint Appendix. Yes, Your Honor. I'm aware of that. I discovered that this week while preparing for oral argument, and I do apologize. And the fourth page is supposedly going to give you the additional basis for the sentence in this case. Yes, Your Honor. Actually, the previous page has done nothing, but it's blank. And if that isn't procedural unreasonableness, I don't know what is. Yes, Your Honor. I'm aware, and I realize it's not in the record. I did review it this week, and it was supposed— I'm looking at it right now. Yes, Your Honor. And it's just exactly what I say, right? Yes, absolutely. I believe at the bottom, it says the district court did not provide reasons, at the bottom of the page, in fact. Yes. So, no, I absolutely agree with the court, and I do apologize. So, isn't that procedural unreasonableness any way you look at it? Your Honor, the government, again, would rely on this court's cases, Montes Pineda, United States v. Blue, that the court can look at the context, which may imbue it with enough content for a ballot review. But the government's fundamental argument in this case, Your Honor, is that even if the district court had read verbatim the reasons cited in the red brief, they would not be sufficient to support this sentence. That, quite simply, the underlying factual record, which is a— Wait. Can I just—I'm confused. Yes, Your Honor. Is the government arguing that this was procedurally reasonable or procedurally unreasonable, or is it just taking no position? Your Honor, the government's argument exclusively is that it was substantively unreasonable, that, in fact, there is no way on the factual record for the district court to impose a substantively reasonable probationary sentence. I just don't think that's an answer to the question. Maybe my colleague is satisfied, but are you saying that this sentence was procedurally reasonable but substantively unreasonable, or that it was procedurally unreasonable and substantively unreasonable? I understand the question. I apologize for not answering it. The government's position is that it was a procedurally reasonable sentence. Reasonable. Yes. Because the district court's statements and its focus on the—exclusive focus on the wife's supposed culpability clearly demonstrated that that was the sole interest of the district court, and that was the basis for the downward bearance. In addition, this court can also look to the fact that the district court very clearly rejected a number of the arguments that the defendant has cited in its red brief to justify this sentence. Most significantly, the defendant's repeated argument that what happened in this case was merely an accident and merely a product of ineptitude. And what the district court— I think because the district court didn't give us its reasons, we don't know that. It seems to me the district court—there's indication in the record that the district court faulted the wife, woman partner, or the district court sympathized with the male partner, or—I mean, I just think there was a range of reasons. And since we don't know— Your Honor, I fully appreciate the court's questions and concerns. I do. But what I would urge the court to consider is, first of all, the defendant's first argument, again, is this ineptitude argument, that that's why the district court varied downward. And I think that's flatly contradicted by the record. Most specifically, when the district court listened to the defendant again argue that he mishandled the victim somehow, and the court said, none of that means broken bones, though. I mean, children are born all day, every day, all over the world, and they don't have broken bones. The district court was rejecting that argument specifically. Okay. I am going to let you make your argument, but just answer this question for me. Yes, ma'am. I don't really understand why you are not claiming that this is procedurally unreasonable. So maybe you can tell me what the theory of the argument is. Absolutely, Your Honor. The reason the government is not contesting procedural reasonableness is our fundamental view that this case, simply, under any explanation, including—the defendant has had now months, if not years, to come up with a justification for this. But it seems to me that all goes to procedural unreasonableness. I understand. Our position, Your Honor, is that there is no substantive—there is no—the district court could have spent 20 minutes explaining itself, and it still would not have issued a substantively reasonable— Well, I suppose part of the reason why we would focus on procedural unreasonableness is if we were to send it back and say that this sentence is procedurally unreasonable, district court, do your duty and do what you are supposed to do, that the court might well agree with you and come up with a different sentence. That's correct, Your Honor. However, the district court may sit down and recite the justifications from the red brief and give the same sentence, and the government's view is that would still be substantively unreasonable. But that's—you're speculating. We don't know that. That's true. Absolutely. We don't know what the district court would do on remand. However, the government's concern in this case—and this is our substantive concern—that if this court case were remanded on procedural unreasonableness and the district court chose to impose the same sentence, that we would have the same appeal because the government's view— Well, you know, that's sort of—sometimes we have to honor the process, I suppose. Maybe that's the answer. I certainly understand that view, Your Honor. The government's view—the reason the government is here and the reason the government is pushing—is challenging so strongly the substantive reasonableness is that our view is that the facts of this case simply do not support a probationary sentence. The defendant in this case grabbed his newborn son, crushed his ribcage, shook him so forcefully that his arm snapped from the torque. He grabbed his foot and wrenched his leg so strongly that the baby's leg snapped, and the district court gave this defendant probation, and in the government's view, simply because the district court was troubled that the government had also prosecuted the mother, who was not the assaulter in this case, and the government does not believe she was criminally culpable in this case. We didn't charge her. But the bottom line is, her culpability doesn't change his. Nothing about the district court's questions and focus on her changed the simple fact that this defendant deliberately and violently abused a helpless and defenseless newborn baby. Okay. Do you have a case in which we have said we're eschewing procedural reasonableness and going to just go directly to substantive unreasonableness? Your Honor, this court has focused exclusively on substantive— That really wasn't what I asked. Yes, Your Honor. I understand the question. I don't have that exact case, Your Honor. However, I would point this court to Zuck, which was purely a substantive unreasonableness case. I would point this court to Engle, which was both procedural and substantive— I'm confused again. Are you saying there is not a case where this court has done what you're now asking us to do, which is shoot straight to a substantive unreasonableness? Thank you for giving me the opportunity to clarify. I'm not aware of a case where this court essentially said it was procedurally unreasonable, but we're not actually going to find that we're just going to jump to substantive unreasonableness. However, which court— You're saying it's—I thought you said earlier the government said it was procedurally reasonable. That is the government's position. I apologize. I'm trying to answer the question about what the state of the case law is. And this court has, on a number of occasions, said even if it's procedurally unreasonable, it's also substantively unreasonable because we have substantive concerns about what happened. And that includes Engle. This court's decision— So you're saying that in those cases, it said even if it's procedurally unreasonable, it is also—but here you're asking us to say it is procedurally reasonable. That's what the government says. Nothing to see here. But nonetheless, it's substantively unreasonable, right? I see that my time has expired. May I answer the question? Yes, you can answer the question. I'm sorry, Your Honor. Yes, you can answer the question. Thank you, ma'am. The government's position is that it was procedurally unreasonable. However, if this court concludes that it's not, we would ask this court to follow cases like Engle and also rule on the substantive unreasonable piece and provide the district court with guidance that its approach to this case was fundamentally an abuse of discretion. Okay. I still don't understand your answer because you've given us two different answers to what is the government's position about procedural reasonableness here. Okay. Does the government contend that this sentence was procedurally reasonable, as you said to us earlier, or was not procedurally reasonable, as you said just a second ago? The government's contention is that it was procedurally unreasonable. Unreasonable. I apologize. I misspoke. Okay. You say it again. Yes, ma'am. I apologize. No problem. The government's contention is that it was procedurally reasonable. However, what I was trying to say is I'm gleaning from the panel's questions that this panel has great concerns about procedural reasonableness. I certainly understand that. I've read the record. I was there. I was the sentencing counsel. And what I'm urging this court to do is if this court disagrees with the government's position and concludes that this is a procedural reasonableness case, we would ask this court to follow cases like Engle and provide also find substantive unreasonableness and provide guidance to the district court that a probationary sentence on this record is substantively unreasonable. And see, that's a fair thing to say. But in none of those cases, the government claimed the sentence was procedurally reasonable. Yes, Your Honor. So, I suppose the government made the argument that it was both procedurally and substantively unreasonable. I believe that they did. In this case, the government has chosen that the United States made the decision to appeal only the substantive reasonableness. And for those reasons, we ask that this court vacate the sentence and remain free sentencing. Thank you. Judge Monta, I think she's waiting for you. Sorry. I think she's waiting. Oh, I'm sorry. Go ahead. Good morning, Your Honors. You usually have more aggressive folks. Jackie DeLauro for John Provence. Your Honor is exactly right. The government did, and I believe they did again today, concede that this sentence is in fact procedurally unreasonable. No, no, no, no, no. Procedurally reasonable. Excuse me. Okay. And in three cases at least that we cited in our response brief at page 13, that's Luthien and two unpublished cases, DeWitt and Jackson, this court has said when it was a defense appeal, because DeWitt does not argue that his sentence is procedurally unreasonable, we review it for substantive reasonableness. And I think that's exactly what this court should do here. In Sessions v. DeMaia, Justice Gorsuch and his concurrence said normally courts do not maybe least of all concessions from a party as able to protect its interests as the federal government. And I think that has particular resonance here where the government is involved in hundreds, thousands of sentencing appeals every year and recognizes that the traditional path is first to address procedural reasonableness and then substantive reasonableness. So where does this go? Your Honor, I don't believe... So your position is we should just focus on procedural unreasonableness? That you should just focus on substantive reasonableness, Your Honor. I mean, substantive reasonableness. And that the court should not... You're not making a claim that we should still look at... I don't think that this court should review this case for procedural reasonableness because the government has conceded it and I don't think the court should save the government from its concession. Well, there would be an argument and I think the government would embrace that argument that you would do better if we reviewed here for procedural unreasonableness. And send it back to the district court rather than reach the question of substantive unreasonableness. But you don't share that view. You want us to go right to that substantive reasonableness, right? I don't, Your Honor. And the reason is because... You what? I don't share that view that it should be sent back for procedural unreasonableness. And that's because I think, you know, as government counsel said, the district court here did ask a number of questions. So there was context for the district court's sentence. And in fact, this court can look no further than Gall for facts similar to this one. There, Mr. Gall was subject to a guideline range of 30 to 37 months. The government asked for a guideline sentence and the district court sentenced him to 36 months of probation. And he did so because, as in this case, the defendant had no significant criminal history, no use of weapons in the offense of conviction, he had provided truthful information, and he had already stopped using drugs and submitted many sentencing letters. This strikes me as so unlike Gall. I can't even believe you're making that argument. I'm making it, Your Honor, because this is a very unique case in that three years... I thought you said it was just like Gall. I think Gall was a unique case in the sense that most significant downward variances are going to be difficult to justify. But here we have a defendant who, in the three years between the offense that was committed and the sentencing hearing, had made significant and substantial efforts directed precisely at the offense in this case and at the victim in this case. He maintained employment as an extruder. He had unsupervised visits until he was directed to have supervised visits, and he's been doing that on probation. He has supported his son financially. He has participated in psychotherapy sessions, 24. And those were before the information was filed in this case, which the court and Gall found particularly resonant. This is someone who the court has found, and this is coming from Gall, understands the consequences of his criminal conduct and is doing everything in his power to forge a new life. The defendant's post-defense conduct indicates neither that he will return to criminal behavior nor that the defendant is a danger to society. And that's at 44 to 45 of Gall. Here, the district court sentence... So, that might have influenced the district court, those kinds of considerations? Absolutely. We talked about it at the sentencing hearing. But we don't know what considerations influenced the district court. The district court might have thought that somehow the mother was more culpable here and that she wasn't being prosecuted, because that consideration was also discussed, right? And that's why it would be important to look at those reasons, which we don't have. I understand Your Honor's question. I would note, with respect to Ms. Provence, there are two things that are important about the district court's questions. One is that there was a substantiated finding by the state against Ms. Provence for neglect. And so, asking about... Did she break her child's arms and stuff like that? There was no allegation that she physically perpetrated the abuse, but it is consistent with Mr. Provence's position at sentencing, that these were two highly inexperienced parents, neither of whom raised the concern of physical abuse to the child until that was drawn to their attention. Neither one of them did what? Neither of them recognized that the child had suffered such injuries until they were told by medical professionals. And I'm not making excuses for that, but I do think it's been consistent throughout this record. But as soon as this conduct and this harm to the child was brought to Mr. Provence's attention, he has done everything in his power to right that. A probationary sentence, this is also addressed in Gaul, as well as in the Supreme Court's decision in Knights. Probation is not a lenient sentence. Mr. Provence has significant restrictions on his liberty, and they are restrictions that are designed specifically as 3553A3 instructs to target the need for a sentence to provide treatment in the most effective manner. Here, Mr. Provence is able to receive mental health treatment and counseling, which is a condition of his probation, in the community, which is going to be more fulsome and more dynamic than would it be in the Bureau of Prisons. So just to be clear, so you think it was appropriate for the district court to consider the level of Ms. Provence's culpability in this case? I think his questions are relevant for two reasons. One is to understand that this is not something that Mr. Provence had been aware of before the medical professionals in the courts intervened. So her statement that she was unaware of any abuse of the child was consistent with this idea that they were just really inexperienced parents. But that's different than suggesting that because she wasn't punished, he shouldn't be punished as severely as he might otherwise be. I think the district court was trying to get a sense of the lay of the land and the nature and circumstances of the offense. And he also asked when Ms. Provence returned to work, which I know that the government has taken issue with as some sort of improper commentary. But I think it's important in this specific case because we know that when Ms. Provence went back to work, that's when Mr. Provence became the primary caregiver. What about the question, suppose she didn't have a husband? What was the point of that? I think that that's... You know, if she didn't have a husband, her baby's legs and arms wouldn't have been broken. I guess that's the answer. I can't give a good response to why that question was asked, but I think that one question does not render a sentence that is otherwise very appropriate. It's itself unreasonable. I think that this is a situation where, despite the past, Mr. Provence has worked hard to have supervised visits with his son and to take a father and put him in prison while he and his son are rebuilding a healthy and productive relationship would also re-traumatize the child, which is important for the court to consider. Mr. Provence has no history of substance abuse. The district court asked him if he had any mental health history and he said other than depression, he did not. He has, again, three years of completed rehabilitation. This is not someone who had been detained during the pendency of his case and was merely making promises to the district court about his future behavior. This is someone who could point concretely to what exactly he had done to ensure that this would not happen again in the future. He was remorseful, and he stated again and again to the district court how much he loved his son and how upset he was at the fact that he was not able to see him during the pendency of his case. I would also note, you know, this court's review is for abuse of discretion, and so the fact that this court may not have imposed the exact same sentences the district court did in this case does not in and of itself render it substantively unreasonable. The district court sentence need only be one among the reasonable sentences for this court to affirm. And that's important because, again, in Gall, the court referred to the sentencing judge being in a superior position to find facts and judge their import. This is the person who is viewing any witnesses and defendants... But we don't know the basis of his... We do have review, and we have to know what the basis were of those... what the facts he did find and what the basis for them was. I understand your concern, Your Honor. I, again, agree with the government the sentence is procedurally unreasonable in light of the court's questions. Wait. You keep saying procedurally unreasonable. The government said it's procedurally reasonable. I'm sorry, but it's procedurally reasonable. I don't think you want it to be unreasonable. No, I don't. I don't. That it's procedurally reasonable in the context of the court's questions with respect to how old the child was, how long Mr. Provance had been the primary caregiver, what his education and work experience was, and what his care arrangements and custody support and child support for the child had been. I also have not come across and I looked for a single case where the government conceded procedural reasonableness and the court reached out to touch it nonetheless. So I'm not aware of any precedent... I'm sorry, say that again. I'm not aware of any precedent where the government has conceded that a sentence was procedurally reasonable and this court reached out to nonetheless find it unreasonable. So I'm not aware of a case that would give the court the authority to find sua sponte that the court's sentence was procedurally unreasonable. Okay, so what do you do about all those cases that say we first looked at procedural... procedural reasonableness and only then can go to... I think that is the order of operations and the government certainly does that. So that sort of suggests we should decide that issue. I think, Your Honor, I would point you to this court's cases. Luthien is published. DeWitt and Jackson are unpublished but say specifically that because it's not raised the court will not address it. There was no independent evaluation in those cases about the procedural reasonableness of the underlying sentence. I guess I'd have to know when you have facts like these were there no reasons given for the sentence? I mean, maybe there was a lay down hand that they were procedurally reasonable in those cases. Do you know the fact? I can't speak to the specific facts of these cases in detail but I'm happy to submit a letter if that would be helpful. Is there a difference between... you were just saying because it wasn't in cases where it wasn't raised procedural reasonableness. So in those cases it would be wait. Here the government is conceding it was procedurally reasonable. That's not waiver. So the government could be wrong and we could say the government is wrong. I think it is waiver, Your Honor because the government did not raise procedural reasonableness in any respect in its opening brief and this court has held in many cases but I cited United States v. Al-Hamdi at page 13 of our brief for the principle that contentions not raised in the argument section of the opening brief are abandoned. So we believe that argument is waived. It was a knowing concession by the government and for all the reasons that Justice Gorsuch cited in his concurrence we would ask the court not to save the government from that concession. And again we do believe the sentence is substantively reasonable. We think Gall provides strong support for that conclusion. Mr. Provance will be under the supervision of the federal courts for longer than the government asked for him to be incarcerated. He has now been... Supervision isn't the same as incarceration. I completely agree, Your Honor, that it's not the same and I think it is different in respects that are critical and appropriate for this case. Mr. Provance has been on release since this offense was committed in 2015. That was four years ago. I'm aware of no report of any kind of violation either pretrial or post sentencing. And he has onerous conditions. He has also 200 hours of probation which... 200 hours, excuse me, of community service. If he were to do 8 hour days that would take him a month of work. He hasn't done any of it yet? I'm sorry? He hasn't done any of it yet? You started your sentence with, if he was to do this. No, that was part of the sentence that was imposed. I understand it was part of his sentence as he completed his community service. He has not completed it yet. As he started it. I'm not aware that he... that has been difficult because of his work. And the work, I believe, does take significant priority because that is his source of financial support for his son. But he's aware of the obligation and he has until 2023 to complete those hours. So he is obligated to complete community service. He's obligated to continue to support his child financially. To get and continue to be employed. Also to participate in mental health treatment and counseling. And these are all of the factors that address exactly what was going on in this case. There is no indication that Mr. Provence has ever had involvement by law enforcement. He has no criminal history other than minor traffic offenses. So all of those factors that you talked about, the length of time, the mental health treatment, the fact that he holds a job, were all things that you all presented in mitigation of the offense. But how do we know that the District Court considered all of that? I think we can take information from the Court's questions. When the Court asked, you know, how are you supporting your child financially? When the Court asked when Ms. Provence went back to work to understand the duration of the offense and how long this was going on. This is not a case where we're talking about years and years or we're talking about someone who had had repeated interventions either by CPS or by the courts. As soon as there was an intervention, Mr. Provence was remorseful, began therapy, and this was all prior to the government filing information. Years and years is because the baby was how old? The baby was three months old at the time that this was discovered. And I don't say that. That's a lot of damages on a little child. There were five fractures, Your Honor, but I do think, briefly, if I could, I know my point is on, if I could just emphasize that the cephalohematoma that the government pointed to was an injury that J.P. suffered at birth. It was not a result of any of Mr. Provence's conduct in this case. Did you tell that to the district judge? Yes, that was unclear. Do we know if he relied on that? I think there's powerful evidence that he did because when he recessed the first two sentencing hearings, there was a dispute about the source of that injury. That had been resolved by the time of the final sentencing hearing when he imposed his probationary sentence. He didn't say that, though, did he? He didn't state it generally because he didn't state any reason. We believe that the court can glean his reasons from the context of the questions, and we also believe that the procedural reasonableness of the sentence is not at issue because of the government's concession. We would ask the court to affirm. Thank you. With my rebuttal, I would like to address the procedural questions first, briefly, and then I would like to briefly address the substantive issue as well. Okay, but you did waive it. Your Honor, the... She's right. It's not in your opening brief. Your Honor, I want to clarify something. The government gets permission from the Solicitor General to appeal specific issues. Our permission in this case is limited to substantive reasonableness. We do completely agree with Judge Mott that the case law states that you start with procedure and move on to substance, and so this court is free to... But the Solicitor General told you, even given that, you couldn't raise procedural reasonableness. I was solely given permission to argue... But you heard what my question was. The issues put to the Solicitor General, Circuit President, I think United States President, is you first have to do with procedural reasonableness and then substantive reasonableness, but in this case we only want to do, is that okay? And they say, yes, you don't have to reach procedural reasonableness. The guidance of the United States government in this case was that our appeal was to be limited to the substantive reasonableness component. However, I understand this court's questions. I do. I'm well aware of your Honor's decision in Carter. Other decisions say it's procedure first, then substance. If this court does decide this case on procedure, and I do disagree. I don't believe it's waived. I believe this court is free to rule on that basis. How is it not waived? Your Honor, because the government's position is simply that we are solely appealing to substantive reasonableness. However, I do believe this court is free to disagree with us, that that's the only issue presented. Our view remains that this court should rule on substantive reasonableness. That is our argument and our position. But I understand the panel's concerns on the procedure. What I would like to say about the substance, Your Honor, is that my colleague argued that this is a unique case. The government's argument is that it's not a unique case. There's nothing unique whatsoever about this defendant. Of course he went and got counseling after he was caught beating his child nearly to death. The CPS would have required it. His attorneys would have told him to do it. That's not special. As this court recognized in Morass, going and getting basic rehabilitation when you've been caught committing a crime is expected. It's not special. And the argument that this was somehow ineptitude, I just want to emphasize that the record flatly contradicts that. And I point this court to Joint Appendix pages 63 to 64 and Dr. Cooper's letter at 98 to 99 where Dr. Cooper explained that these injuries had a high incidence for inflicted trauma. In other words, the placement of these injuries at the age of the child and the parent's inability to explain them meant that this was deliberate child abuse and not an accident. If your child falls off the changing table, they'll have injuries consistent with that and you'll be able to explain it. I was changing the baby, I walked away, the baby fell off the changing table. They couldn't explain it. The location of the injuries was totally consistent with child abuse and specifically with someone violently shaking the baby and wrenching the baby's ankle. So the idea that this was an ineptitude or an accident is flatly contradicted by the medical record and the PSR which the defendant did not object to. And the fact that the defendant continues to argue that this was somehow a mistake or an accident and did to the district court undermines his rehabilitation argument. By now he should realize that violently shaking a baby and wrenching his ankle is child abuse and that that's how he caused those injuries. He knows how he caused those injuries. He admitted to doing them. He pleaded guilty to doing them. The fact that he has no logical explanation for them gives great pause that this defendant was not rehabilitated. And finally, Your Honor, my colleague focuses on the rehabilitation, but the bottom line is this. 18 U.S.C. 3553A  than that. The nature and circumstances, the seriousness of the offense to promote the respect for the law, provide just punishment, afford adequate deterrence to criminal conduct. This defendant nearly killed his newborn baby. That baby was so young that he couldn't say, I've got broken bones. So he was suffering with broken bones, unable to express himself for weeks until somebody finally took him to the hospital. And even then, his caregivers claimed that they had no idea what was going on. What happened to this baby was inexcusable and it was a crime. And for the defendant to get a probation simply sends the wrong message. And we therefore respectfully ask this Court to vacate the sentence and reverse with guidance to the District Court that this sentence was substantively unreasonable. Thank you. Can I ask you one question? Yes, ma'am. You have like 20 seconds. Can you share with me the rationale for taking the position the because there are cases in which we find something is procedurally unreasonable and I mean they're in conflict with their other cases and then go ahead and look at substantive unreasonableness too. That's correct. And the government hasn't taken that path here. Is there, maybe this is a secret, but is there a reason why not? Your Honor, sometimes this Court has done that and such is an angle. And sometimes this Court has reversed despite actually having substantive concerns, has reversed on procedure. That would be Morris. Morris actually reversed on procedure. So you're worried about us just reversing on procedural reasonableness? That's correct, Your Honor. Okay. But and I can understand that if you had suggested that this should go back to another District Judge. But you didn't do that, did you? We have not asked for that, Your Honor. So it was hard for me to sort of piece together what the rationale was. Your Honor, the rationale is this. We, you know, we are, this District Court, we believe, committed reversible error in this case. We are asking this Court to provide specific guidance to this District Court about what is appropriate in this case because the District Court... About guidance as to what an appropriate sentence would be? Guidance in that first of all that probation is not an appropriate sentence so that it is substantively unreasonable on these facts and that the District Court's view which the government does believe is clear in the record that somehow the fact that the wife was not criminally prosecuted in no way diminishes the defendant's culpability and is an impermissible factor to consider. That is what the government is asking for. Okay. Thank you very much. I will ask our clerk to adjourn court and then we'll come and say hello to the board. This Honorable Court stands adjourned. Sign-a-die. God save the United States and this Honorable Court.
judges: Diana Gribbon Motz, Albert Diaz, Stephanie D. Thacker